UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAPHNE L. S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-5431-DWC <br><br> ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION DENYING BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the medical evidence. The ALJ also erred in his consideration of the lay witness evidence. Had the ALJ properly considered the evidence, the ALJ may have found the residual functional capacity ("RFC") assessment should have included additional limitations. The ALJ's errors are therefore

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION DENYING BENEFITS - 1

not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

I. **Procedural History**

Plaintiff applied for benefits in November 2020 and alleges disability as of December 26, 2016. Dkt. 7, Administrative Record ("AR") 15. The applications were denied on initial review and reconsideration and, on August 26, 2022, ALJ Malcom Ross determined Plaintiff was not disabled. AR 15-24. The Appeals Council denied Plaintiff's request for review, making the August 2022 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

II. **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

III. **Discussion**

In the Opening Brief, Plaintiff alleges the ALJ erred by failing to properly: (1) consider Plaintiff's severe impairments at Step Two; (2) consider Dr. Myrna Palasi, M.D.'s medical

opinion; (3) obtain consultative examinations; (4) consider evidence submitted to the Appeal's Council; (5) consider Plaintiff's subjective symptom testimony; (6) consider the lay witness evidence; and (7) consider Plaintiff's RFC and Steps Four and Five of the sequential evaluation process. Dkt. 12. Plaintiff requests the Court remand this case for further administrative proceedings. *Id*.

A. *Medical Evidence*

Plaintiff alleges the ALJ erred in his: consideration of Dr. Palasi's medical opinion, consideration of Step Two, and failure to obtain consultative examinations. Dkt. 12. Plaintiff also contends additional evidence submitted to the Appeals Council further supports a finding of disability. *Id*.

i.  Dr. Palasi

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior

1 administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2),

2 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical

3 opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32

4 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1).

5 "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence

6 from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792

7 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

8     On November 2, 2020, Myrna Palasi, M.D., completed a Review of Medical Evidence

9 form. AR 783-87. Dr. Palasi reviewed Plaintiff's physical severity assignment, physical function

10 assessment, and medical reports. AR 783. Dr. Palasi noted Plaintiff's diagnoses were diabetes

11 mellitus, hyperlipidemia, chronic pain syndrome, and colorectal cancer screening colon. AR 787.

12 She found Plaintiff's diagnoses were supported by the objective medical evidence and found

13 Plaintiff could perform sedentary work. AR 783. She opined Plaintiff had marked limitations in

14 environmental, non-exertional restrictions, performing routine tasks without undue supervision,

15 making simple-work related decisions, being aware of normal hazards and taking appropriate

16 precautions, and asking simple questions or requesting assistance. AR 786. Dr. Palasi opined

17 Plaintiff had severe limitations in her postural restrictions, gross and/or fine motor skill

18 restrictions, and in her ability to perform activities within a schedule, maintain regular

19 attendance, and be punctual within customary tolerances. AR 786. She also found Plaintiff could

20 frequently lift or carry small articles such as files or small tools, but found Plaintiff was unable to

21 perform any other exertional tasks. *See* AR 786. Dr. Palasi opined that Plaintiff could perform

22 sedentary work. AR 786.

23     In considering Dr. Palasi's opinion, the ALJ stated,

24

> In October 2020, state Department of Social and Health Services medical consultant Myrna Palasi, M.D., reviewed medical records from two of the claimant's providers as part of her application for state assistance. She opined that the claimant could perform sedentary work. I find this opinion unpersuasive. Dr. Palasi provided information from treatment notes to support her opinion, but that opinion is inconsistent with the overall record and the claimant's demonstrated functioning. Hearing-level evidence shows that the claimant is capable of performing medium work. For example, the claimant's daily activities include taking care of her personal needs, taking care of two dogs, cooking, cleaning her house, shopping in stores, gardening, playing video games, and doing crafts.

AR 22 (internal citations omitted).

First, the ALJ found Dr. Palasi's opinion was inconsistent with the overall record. AR 22. The ALJ does not adequately explain how Dr. Palasi's opinion is inconsistent with the record. The ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id*. at 422. Here, the ALJ only provided his conclusion that Dr. Palasi's opinion was inconsistent with the overall record. The Court cannot glean from the ALJ's decision which portions of Dr. Palasi's opinion the ALJ found inconsistent with the overall record and why. Therefore, the ALJ's first reasons for finding Dr. Palasi's opinion unpersuasive is not valid. *See Woods,* 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Second, the ALJ found Dr. Palasi's opinion unpersuasive because it was inconsistent with Plaintiff's activities of daily living, which indicate she can perform medium level work. AR 22. A medical opinion can be undermined by a claimant's reported activities if supported by

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 5

substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

      Here, as stated above, the ALJ found Plaintiff's ability to take care of her personal needs, take care of two dogs, cook, clean her house, shop in stores, garden, play video games, and do crafts was inconsistent with Dr. Palasi's opinion. AR 21. The ALJ failed to explain how Plaintiff's activities were inconsistent with Dr. Palasi's opinion. Further, the record does not support the ALJ's finding. For example, Plaintiff's ability to play video games and garden is not inconsistent with Dr. Palasi's opinion that Plaintiff can frequently lift or carry small articles such as files or small tools. *See* AR 786. Moreover, Plaintiff testified she cleans the house, but has to sit down for about fifteen minutes every five to ten minutes, and cooking causes her pain and she will rest often. AR 63. She also stated that she will talk to friends on her computer or lay down and watch television. AR 316. When she cares for her two small dogs, she provides the dogs with food and water and will let the dogs outside. AR 316. These limited activities are not inconsistent with Dr. Palasi's opinion. Overall, the ALJ has failed to explain how Plaintiff's ADLs are inconsistent with Dr. Palasi's opinion and, importantly, the record fails to support the ALJ's finding. Therefore, the ALJ's second reason for finding Dr. Palasi's opinion unpersuasive is not supported by substantial evidence.

      For the above stated reasons, the ALJ failed to provide a sufficient reason for finding Dr. Palasi's opinion unpersuasive. Therefore, the ALJ erred.

1   "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
2   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
3   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*
4   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674
5   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific
6   application of judgment" by the reviewing court, based on an examination of the record made
7   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at
8   1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

9   Had the ALJ properly considered Dr. Palasi's opinion, he may have included additional
10  limitations in the RFC. For example, Dr. Palasi found Plaintiff should be limited to sedentary
11  work. AR 786. The ALJ limited Plaintiff to medium work with some restrictions. AR 19. The
12  ultimate disability determination may change if limitations opined to by Dr. Palasi are included
13  in the RFC and considered throughout the remaining steps of the sequential evaluation process.
14  Accordingly, the ALJ's error is not harmless and requires reversal.

15          ii.     Remaining medical evidence arguments

16  Plaintiff argues the ALJ erred in his consideration of Step Two and when he failed to
17  obtain consultative examinations. Dkt. 12. Plaintiff also contends additional evidence submitted
18  to the Appeals Council further supports a finding of disability. *Id*. The ALJ's failure to properly
19  consider Dr. Palasi's opinion requires remand. On remand, the ALJ must consider the additional
20  evidence submitted the Appeals Council and re-evaluate Step Two. The ALJ should also
21  consider if physical and psychological consultative examinations are appropriate in this case.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 7

B.  *Subjective Symptom Testimony*

Plaintiff contends the ALJ failed to give specific, clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 12. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. Because of this error, the ALJ must re-evaluate all the medical evidence on remand. *See* Section A, *supra*. Plaintiff may be able to present new evidence and new testimony on remand and the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony; therefore, on remand, the ALJ must reconsider Plaintiff's testimony.

C.  *Lay Witness Evidence*

Plaintiff also contends the ALJ erred by failing to properly consider the statements from Social Security Administration Interviewer S. Johnson and Steven M. VanAlstine, Plaintiff's boyfriend ("lay witness evidence"). Dkt. 12 at 13-14.

Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023).[2] Other

---

[2] Defendant relies on *Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) to support its position that the ALJ did not need to articulate any reasons for discounting the lay witness evidence in her decision. *See* Dkt. 9 at 14. In a **footnote** in *Fryer*, the Ninth Circuit stated, "It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions." 2022 WL 17958630, at *3, n.1. Courts have interpreted the statement in *Fryer* to mean only that the ALJ is not required to articulate *how* the ALJ considered the lay witness evidence using the requirements in 20 C.F.R. §§ 404.1520c and 416.920c. *See MEGAN ANN D., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024). Furthermore, in *Fryer*, the Ninth Circuit cited *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. Sept. 1, 2022). *Johnson* does not hold that the ALJ is no longer required to articulate their decision regarding lay witness testimony. Rather, *Johnson* declined to decide the issue. 2022 WL 3998572, at *2. Additionally, *Stephens*, which was decided after *Fryer*, states the Ninth Circuit has not yet addressed whether the ALJ is still required to provide germane reasons for discounting

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 8

relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

The Court reads the new regulations as not eliminating an ALJ's obligation to consider and address nonmedical source evidence, including an obligation to articulate germane reasons for disregarding that same evidence. Further, as the Ninth Circuit law remains unsettled, the Court finds that Ninth Circuit precedent continues to require an ALJ to provide germane reasons for discounting nonmedical source evidence. *See Megan Ann D., v. Comm'r of Soc. Sec.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024) (finding germane reasons are still required); *Gary J.D. v. Comm'r of Soc. Sec.*, 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023) ("That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error and supported by substantial evidence.").

Here, the ALJ's decision is silent as to the lay witness evidence. Therefore, the ALJ erred. On remand, the ALJ must properly consider the lay witness evidence and, if discounting the evidence, the ALJ must articulate germane reasons for doing so.

D. *Remaining Steps of the Administrative Process*

Plaintiff maintains the RFC, Step Four, and Step Five findings are not supported by substantial evidence. Dkt. 12 at 14-15. The Court has found the ALJ committed harmful error

---

lay witnesses under the new regulations. *Stephens*, 2023 WL 6937296 at *2. Therefore, the Court is not persuaded by Defendant's argument.

and has directed the ALJ to reassess Step Two, the medical evidence, Plaintiff's subjective symptom testimony, and the lay witness testimony. The ALJ also must consider if it is necessary to obtain consultative examinations. As such, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

IV. **Conclusion**

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Plaintiff requests remand for further administrative proceedings. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 23rd day of April, 2024.

David W. Christel
United States Magistrate Judge